John D. Bennett, S.
This is a proceeding for letters of administration which alleges upon information and belief that proceedings have been commenced in Florida for the probate of an alleged lost will of the decedent as well as the stereotype allegation that petitioner has not obtained information that the deceased left a will.
Objections were filed to this petition requesting that it be dismissed for lack of jurisdiction, the last will and testament of the decedent having been admitted to probate by the County Judge’s Court, Dade County, Florida, and the findings and *386 order of that court being res judicata against the petitioner and entitled to full faith and credit.
The court set this matter down for a hearing which was had December 30, 1959 and consisted of argument of counsel and a statement of a Mr. Kaidin which was partly unsworn testimony, partly legal argument, and partly narrative of facts which were largely irrelevant. The parties agreed to submit copies of the Florida proceeding, which was submitted as evidenced by the stipulation of February 26, 1960, forwarded to this court on February 29, 1960.
Thereafter a motion was made for security for costs, which was granted in the sum of $500 and a bond in that amount was filed on March 21,1960.
There is no dispute that a will of the decedent was admitted to probate in the State of Florida. If the petitioner herein was a party to that proceeding, the fact that the decedent left a valid will is res judicata as to him and the present proceeding in this court must be dismissed as a matter of law.
The petitioner in this proceeding was not served with citation in the Florida proceeding. He did, however, retain Stanley D. Caidin, Esq., to protect his interests in reference to the estate of his father. Stanley D. Caidin represented him in Florida. It is true that Stanley D. Caidin states that: “It was not intended that any appearance on behalf of Edward Tedlin in the Florida proceedings be a general one nor that any such appearance confer jurisdiction upon the Florida court which it otherwise would not have ”. He never filed a power of attorney or written authorization from his client to appear in the Florida proceedings.
However, despite his protestations about lack of due process, said attorney did interpose an answer in the Florida probate in behalf of petitioner herein in which he specifically put in issue the validity of the will offered for probate. The decree establishing the will recites: ‘1 This cause came on before the Court upon Petition for Probate of Lost Will of Meyer Tedlin, deceased and the Answer of edwabd yedlih denying that the proffered will is the true Last Will and Testament of the decedent and demanding strict proof thereof. After hearing the testimony of the respective parties and considering the Exhibits in this cause, the Court finds ”.
The participation by Mr. Caidin in behalf of Mr. Tedlin in the Florida proceeding under a special appearance, at its best, preserved the right to raise the jurisdictional question on appeal in the Florida courts. There still remains the decision of that court after answer was interuosed, raising a question *387 as to the validity of the will, admitting the instrument to probate. Unless and until the courts of the State of Florida reverse or set aside that determination, the petitioner in this proceeding is bound thereby to the extent that the validity of the will is res judicata. He is not entitled to petition this court for letters of administration on the basis that the decedent left no will.
This court does not determine the question of the domicile of the decedent, as such a; determination is unnecessary in this proceeding.
The petition for letters of administration of Edward Yedlin dated July 9, 1959, is dismissed, with costs and disbursements awarded to the respondents, Sylvia Yedlin and Barnard Yedlin, against the petitioner Edward Yedlin.
Submit decree on five days’ notice in accordance herewith, with three additional days if service is made by mail.